WellIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**RICHARD L. BARDWELL**                                               **PLAINTIFF**

**vs.**                                           **CIVIL ACTION NO.: 4:13cv57-GHD-DAS**

**EARNEST LEE, et al.**                                            **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Richard L. Bardwell, Mississippi prisoner no. 49857, proceeding pro se and in forma pauperis, has filed a complaint pursuant to 42 U.S.C. § 1983 against the Mississippi Department of Corrections and Mississippi State Penitentiary staff members, Earnest Lee and George Davenport. Having liberally construed Plaintiff's claims and considered the applicable law, the Court finds that the complaint should be dismissed, for the reasons that follow.

### Plaintiff's Allegations

On November 22, 2012, Plaintiff received a Rule Violation Report ("RVR") for the possession of major contraband, and an investigation into the incident was completed on November 16, 2012. Plaintiff signed a 24 hour notice of hearing on the RVR on November 30, 2012, but his hearing was not held until December 21, 2012. He maintains that Warden George Davenport responded to his grievance about the delay by stating that MDOC policy was followed in processing the RVR, and that the hearing was delayed because of the holidays. Plaintiff maintains that his hearing was not held within ten days of the alleged violation, as required by Mississippi Department of Corrections ("MDOC") policy, and that Warden George Davenport clearly never reviewed the RVR. He requests that the Court remove the RVR from his prison file

1

and order the State to pay his court costs.

**Screening Standards**

Because Plaintiff has been permitted to proceed in forma pauperis in this action, his complaint is subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 § U.S.C. 1915(e)(2); *see also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of in forma pauperis status). Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss it if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2). A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that could be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that complaint fails to state a claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Discussion**

In order to state a claim under § 1983, Plaintiff has to allege that he was deprived of right secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984). If such an allegation is not made, then the complaint fails. *See Thigpen*, 732 F.2d at 1216. Plaintiff's claim that MDOC officials failed to follow policy by timely holding a hearing on his RVR, and that his RVR is

therefore invalid, does not state a constitutional violation. *See Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (holding that mere violation of prison policy does not, without more, give rise to a constitutional violation); *see also McGowan v. Peel*, 3:06cv659-DPJ-JCS, 2007 WL 710154, at *1-2 (S.D. Miss. March 6, 2007) (dismissing complaint where plaintiff alleged, in part, finding of guilt as to his RVR violated MDOC policy, as "prison official's failure to follow the prison's own policies, procedures, or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met") (citations omitted). The Court finds the instant complaint fails to state a claim upon which relief may be granted, and it will be dismissed.

## Conclusion

Plaintiff's allegations fail to raise a cognizable constitutional claim, and the instant complaint is **DISMISSED WITH PREJUDICE** for his failure to state a claim upon which relief may be granted. A final judgment in accordance with this opinion will issue today.

**SO ORDERED** this the 29th day of April, 2013.

_____
**SENIOR JUDGE**